**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5285

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL BURNS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  David A. Faber, Chief District Judge.  (5:03-cr-00030-1)

Submitted: May 30, 2007                    Decided: July 10, 2007

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jason D. Parmer, PARMER LAW OFFICE, Hinton, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Monica L. Dillon, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After his initial sentence was vacated, Michael Burns was resentenced to eighty-four months in prison[*] for distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2000). Burns argues in this appeal that he should not have been assessed one criminal history point for a misdemeanor conviction for unemployment fraud. We affirm.

Under the sentencing guidelines, sentences for certain (listed) specific petty offenses and those "similar to them" are to be counted when assigning criminal history points only in certain circumstances. U.S. Sentencing Guidelines Manual § 4A1.2(c)(1) (2002). Burns's prior crime, unemployment fraud, is not among the listed offenses; however, "[f]alse information to a police officer" is listed. Burns contends that unemployment fraud is so similar to giving false information to a police officer that he should not have been assessed one criminal history point for his prior offense.

In United States v. Harris, 128 F.3d 850 (4th Cir. 1997), we observed that "similar" in § 4A1.2(c) is not defined. We considered approaches used by sister circuits to determine whether two offenses are similar. We rejected a multi-factor test used by

_____

[*]Burns was initially sentenced to 126 months in prison. However, his sentence was vacated and the matter remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005).

- 2 -

some courts and approved a test which compares the elements of the prior offense to the offenses listed in § 4A1.2.  Id. at 853-55.  In Harris, we noted that "a[n] emphasis on the elements comports with the plain meaning of 'similar.'"  Id. at 854.

The elements of Burns' prior offense of unemployment fraud are: (1) making a false statement or representation (2) knowing it to be false (3) in order to obtain or attempt to obtain or increase a benefit to oneself or another (4) under the employment security law of West Virginia, another state, or the federal government.  W. Va. Code § 21A-10-7 (2002).  The elements of this offense are clearly different from those of giving false information to a police officer.  Therefore, under Harris, Burns' claim has no merit.

Our review of the record discloses that Burns' sentence was statutorily authorized and falls within the properly calculated advisory guideline range.  Further, the district court considered the factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) when imposing sentence.  We conclude that the sentence was reasonable, and we affirm.  See United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -